## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Interstate Fire and Casualty Company, | ) | Case No. _____ |
| | ) | |
| 33 Monroe Street, Suite 1400 | ) | |
| Chicago, IL 60603, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Dimensions Assurance Ltd., | ) | |
| | ) | |
| Genesis Building | ) | |
| P.O. Box 1363 | ) | |
| George Town, Grand Cayman, BWI, | ) | |

Serve On:
Dimensions Assurance Ltd.
c/o Resident Agent for Dimensions Health Corporation, Eslanda Dasher
Corporate Finance Department
Suite D1000
7300 Van Dusen Road
Laurel, Maryland 20707

and

Dimensions Assurance Ltd.
c/o State of Maryland Department of Assessments & Taxation
301 West Preston Street
Baltimore, Maryland 21201

Defendant.

---

## <u>COMPLAINT</u>

Plaintiff Interstate Fire and Casualty Company ("Interstate"), for its Complaint against Defendant Dimensions Assurance Ltd. ("Dimensions Assurance") states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      This is an action for monetary and declaratory relief, pursuant to Rule 57, Fed. R. Civ. P. and 28 U.S.C. §§ 2201 and 2202, arising from Dimensions Assurance's failure to reimburse Interstate for defense and indemnity payments made on behalf of a mutual insured to defend and settle an underlying medical malpractice lawsuit against that insured as required by the "other insurance" provisions in the Dimensions Assurance insurance policy and the Interstate insurance policies.

2.      Interstate is an Illinois corporation with its principal place of business in Illinois.  Interstate is a citizen of Illinois.

3.      Upon information and belief, Dimensions Assurance is a Cayman Islands corporation having its principal place of business in George Town, Grand Cayman or Maryland.  Dimensions Assurance is a citizen of Cayman Islands or Maryland.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) (diversity).  The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, and the Plaintiff and Defendant are citizens of different states and countries.

5.      This Court has personal jurisdiction over Dimensions Assurance because Dimensions Assurance contracted to insure persons, property and risks in this District; had substantial aggregate contacts with this District; and had agents in this District.

6.      Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1391(a) and (d) because a substantial part of the actions giving rise to the claims herein occurred in the District of Maryland and the

2

underlying litigation giving rise to Interstate's claims was filed in the Circuit Court for Prince George's County, Maryland.

## JURY DEMAND

7.     Interstate demands a jury trial of any factual issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

8.      On or about March 7, 2012, Plaintiff John Doe 1, a minor, by and through his parents and next friends, Plaintiff Jane Doe and Plaintiff John Doe 2 (collectively referred to as "the Settling Plaintiffs") filed a lawsuit against Defendant Corporation Hospital ("the Hospital"); Defendant Doctor and Defendant Doctor's Practice (collectively referred to as "the Doctors"); Defendant Nursing Agency Corporation ("Nursing Agency"); and Defendant Nurse ("Nurse") arising out of the alleged negligent medical care and treatment rendered by the Hospital and its agents or employees on or about October 13 and 14, 2010, in the Circuit Court for Prince George's County, Maryland, Case No. _____("the Lawsuit").[1]

9.     Nurse was working at the hospital on October 13 and 14, 2010 pursuant to a "Supplemental Staffing Agreement" entered into between the Hospital and Nursing Agency.

---

[1] The true names of the parties in the Lawsuit and the case number are not being disclosed in this Complaint due to a confidentiality provision included in the Settlement Agreement and Release entered into in the Lawsuit.

121591378v1

10.     During the time that Nurse provided healthcare services to Plaintiff John Doe 1 and Plaintiff Jane Doe on October 13 and 14, 2010, Nurse was acting under the direct control and supervision of the Hospital.

11.     On or about May 30, 2013, a Settlement Agreement and Release was entered into in the Lawsuit.

12.     Pursuant to the terms of the Settlement Agreement and Release, the Settling Plaintiffs agreed to release and dismiss with prejudice the medical malpractice claims they asserted against Nursing Agency and Nurse in the Lawsuit in exchange for a payment of monies to the Settling Plaintiffs made by Interstate.

13.     Interstate issued a Specified Medical Professional Liability Occurrence Insurance Policy to Nursing Agency for the policy period September 30, 2010 to September 30, 2011, policy no. ASO-100943 04 ("the Interstate first-layer policy").

14.     Interstate also issued an Excess Liability Policy to Nursing Agency for the policy period September 30, 2010 to September 30, 2011, policy no. XSO 130193 ("the Interstate second-layer policy").

15.     Interstate extended coverage to Nurse under the Interstate policies and provided her with a defense in the Lawsuit.

16.     The full amount of the settlement payment made by Interstate was to settle the liability claims arising out of Nurse's alleged malpractice committed during the course of her work at the Hospital and while providing medical care to the Hospital's patients, Plaintiff Jane Doe and Plaintiff John Doe 1.

121591378v1

17.     The Interstate first-layer policy includes the following "other insurance"

provision:

> **H.     OTHER INSURANCE**.   If there is other valid insurance (whether
> primary, excess, contingent or self-insurance) which may apply against a
> loss or claim covered by this policy, the insurance provided hereunder shall
> be deemed excess insurance over and above the applicable limit of all other
> insurance or self-insurance.
>
> When this insurance is excess, the Company shall have no duty under this
> policy to defend any claim or **Suit** that any other insurer or self-insurer has
> a duty to defend.  If such other insurer or self-insurer refuses to defend such
> claim or **Suit**, the Company shall be entitled to the **Insured's** rights against
> all such other insurers or self-insurers for any defense costs incurred by the
> Company.
>
> When both this insurance and other insurance or self-insurance apply to the
> loss on the same basis, whether primary, excess or contingent, the
> Company shall not be liable under this policy for a greater proportion of the
> loss or defense costs than the applicable limit of liability under this policy
> for such loss bears to the total applicable limit of liability of all valid and
> collectible insurance against such loss.  Subject to the foregoing, if a loss
> occurs involving two or more policies, each of which provides that its
> insurance shall be excess, each will contribute pro rata;

18.     The insuring agreement in the Interstate second-layer applies "only in

excess of the Primary Insurance and only after the Primary Insurance has been exhausted

by payment of the limits of insurance."

19.     Under the Interstate second-layer policy, "Primary Insurance" means:

> **G.     PRIMARY INSURANCE** – The policy or policies of insurance as
> described in the Schedule of Primary Insurance forming a part of the
> Declarations of this policy.

20.     The "Primary Insurance" listed on the declarations page of the Interstate

second-layer policy is the Interstate first-layer policy, policy no. ASO-1000943-04.

121591378v1

21.     The Interstate second-layer policy includes the following "other insurance"

provision:

### K.     OTHER INSURANCE

If there is Other Insurance available to the **Insured** which applies on a retroactive, extended reporting period, or other basis, this policy shall apply as excess of and not contributory with such **Other Insurance**.

22.     The Interstate second-layer policy defines "Other Insurance" as follows:

**E.     OTHER INSURANCE** – Insurance, other than **Primary Insurance** or which is specifically purchased by the **Named Insured** to be in excess of the Insurance afforded by this policy, which is available to the Insured and affords coverage with respect to injury or damage to which this insurance applies.

23.     Dimensions Assurance is the professional liability insurer for the Hospital.

24.     Dimensions Assurance issued a reimbursement insurance policy to the Hospital for the period January 1, 2010 to January 2, 2011 ("the Hospital policy").  The Hospital policy includes coverage for healthcare facilities professional liability.

25.     The insurance provided by the Hospital Policy constitutes "other valid insurance" for purposes of the "other insurance" provisions in the Interstate policies.

26.      The Hospital policy includes the following Reimbursement Agreement B:

**WHAT THIS AGREEMENT COVERS:**

**Professional Liability**

Subject to the limitations and restrictions set forth in this Agreement B, we agree that we will reimburse you for amounts any protected person is legally obligated to pay as damages for covered claims or suits resulting from professional injury occurring while this agreement is in effect.

27.      The term "you" is defined in the Hospital policy as the Hospital.

121591378v1

28.     The Hospital policy includes the following reimbursement coverage for

defense expenses:

### DEFENSE AND SUPPLEMENTAL PAYMENTS

Under this agreement, we will not provide for the direct defense,
investigation or settlement of any event, claim or suit.  We will not directly
pay any claim, claim expenses, legal or other fees associated with any
event, claim made, or suit brought against the protected person.  We neither
select nor retain counsel.  Any expenses and costs associated with an event,
claim or suit shall first be borne by you and then be subject to
reimbursement by us upon presentation of loss.

### ADDITIONAL PAYMENTS

*   *   *

**Expenses Incurred by Protected Persons –** We agree to reimburse you
for expenses authorized by you that any protected person incurs in the
investigation or defense of a claim or suit, including attorney fees, witness
fees, expert fees, travel costs, medical examinations, police or investigative
reports.  These expenses do not include earning actually lost by any
protected person.  However, if you are legally required to pay an injured
person's legal costs and any interest applicable to such costs, these costs
will be considered damages rather than additional costs.

29.     The Hospital policy defines "protected person" as "any natural person or

organization qualifying as a protected person under the Who is Protected Under This

Agreement section."

30.     The "Who is Protected Under This Agreement" section of the Dimensions

policy includes this provision:

### Additional Protected Persons

The following people are also protected persons, subject to any described
limitations:

* * *

7

121591378v1

**Worker Protection** – Your present and former employees, students and authorized volunteer workers are protected persons while working or when they did work for you within the scope of their duties.  Unless added by amendment to this Agreement, interns, externs, residents, or dental, osteopathic or medical doctors are not named protected persons for professional injury, even if they are your employees, students or authorized volunteer workers.

Your employees, students and volunteer workers aren't protected persons for:

\*       Bodily injury or personal injury to you or to any fellow employee, student or volunteer;

\*       Damage to property owned, rented, leased, occupied or borrowed by them; fellow employees; or any protected partner or co-venturer;

\*       Injury or damage resulting from their criminal acts or willful or intentional torts;

\*       Injury resulting from sexual abuse committed by them.  Sexual abuse means any physical, mental or moral harassment or assault of a sexual nature against any person, whether overt or implied.

31.     Nurse was a "borrowed servant" or "borrowed employee" of the Hospital and therefore qualifies as an "employee" and "protected person" under the Hospital with regard to the medical services she provided to Plaintiff Jane Doe and Plaintiff John Doe 1as alleged in the Lawsuit.

32.     The Hospital policy includes the following "other insurance" provision:

**OTHER REIMBURSEMENT**

If there are other valid and collectible sources of payment for injury or damage covered by this agreement, then this agreement will be excess reimbursement over any part of any other reimbursement or payment which provides:

\*       property or similar compensation for damage to your work;

121591378v1

    *       compensation for fire damage to premises you rent or lease from others;

    *       reimbursement for injury or damage that results from the maintenance, use, operation or loading or unloading of any auto, aircraft or watercraft that's not specifically excluded by the Auto, Aircraft or Watercraft exclusions in the Exclusions – What This Agreement Won't Cover section.

33.    Pursuant to this "other insurance" provision, the Hospital policy provides excess coverage only if one of the three listed circumstances applies to the payments made.

34.    None of the circumstances listed in the "other insurance" provision in the Hospital policy applies to the medical malpractice liability claim asserted against Nurse in the Lawsuit.

35.    The liability coverage available to Nurse under the Hospital policy is primary coverage.

36.    The liability coverage available to Nurse under the Interstate first-layer policy and the Interstate second-layer policy is excess over the coverage available to Nurse under the Hospital policy.

## JUSTICIABLE CONTROVERSY

37.    There exists a real, substantial, and justiciable controversy among the parties as they disagree as to their respective rights and obligations under the Hospital policy and the Interstate policies.

38.    Accordingly, Interstate requests among other things, the following:

121591378v1

a.      Declaration that Nurse is an insured (protected person) under the Hospital policy;

b.      Declaration that pursuant to the policies' respective "other insurance" provisions, Interstate is entitled to reimbursement from Dimensions Assurance for all attorneys' fees and costs incurred by Interstate in defending Nurse in the Lawsuit, and for the full amount of the indemnity (settlement) payment made by Interstate to obtain a release and dismissal with prejudice of all claims against Nurse in the Lawsuit;

c.      Declaration that Interstate is entitled to an award of reasonable attorneys' fees and costs in connection with the prosecution of this action.

## COUNT I –EQUITABLE CONTRIBUTION

39.     The allegations of paragraphs 1-38 of this Complaint are incorporated herein as if fully set forth.

40.     Pursuant to the plain and unambiguous terms of the "other insurance" provisions in the insurance policies at issue in this case, Dimensions Assurance is obligated to reimburse Interstate for the full amount Interstate expended in defending Nurse in the Lawsuit and for the full amount Interstate paid to settle the Lawsuit.

## COUNT II – DECLARATORY JUDGMENT

41.     The allegations of paragraphs 1-40 of this Complaint are incorporated herein as if fully set forth.

42.     There is a justiciable controversy between Interstate and Dimensions Assurance as to whether the insurance provided by Interstate provides excess or primary

121591378v1

insurance coverage to Nurse for claims asserted in the Lawsuit, and as to whether the insurance provided by Dimensions Assurance under the Hospital policy provides excess or primary coverage for Nurse's liability in the Lawsuit.

43.     Interstate is entitled to a declaration that Nurse is an insured (protected person) under the Hospital policy because she was a borrowed employee or borrowed servant and, therefore, an employee of the Hospital for purposes of insurance coverage.

44.     Interstate is entitled to a declaration that application of the "other insurance" provisions in the Hospital policy and the Interstate policies results in the Hospital policy providing primary insurance for Nurse's liability and Interstate's policies providing only excess coverage for Nurse's liability.

45.     Interstate is entitled to a declaration that because Dimensions Assurance owes primary insurance coverage for Nurse's liability in the Lawsuit, Dimensions Assurance is obligated to reimburse Interstate for the full amount of the indemnity payment made by Interstate to settle the malpractice claims against Nurse, and for the full amount of the attorneys' fees and costs Interstate incurred in defending Nurse in the Lawsuit.

## RELIEF REQUESTED

**WHEREFORE**, Interstate Fire and Casualty Company respectfully requests:

1.      That this Court by judgment declare that the Hospital policy affords primary coverage to Nurse for the defense costs and indemnity payments made in connection with the claims asserted against Nurse in the Lawsuit;

121591378v1

2.      Damages awarded to Interstate in the amount of all monies paid by Interstate in defense and settlement of the Lawsuit;

3.      An award of reasonable attorneys' fees and costs in connection with the prosecution of this action;

4.      The declaratory relief requested under Count I; and

5.      Such other and further relief as this Court deems just and appropriate.


Dated:  December 30, 2013                By:_____/s/_____
                                             Robert C. Morgan (Bar No. 01509)
                                             Joseph S. Johnston (Bar No. 28903)
                                             Morgan, Carlo, Downs & Everton, P.A.
                                             Executive Plaza III, Suite 400
                                             11350 McCormick Drive
                                             Hunt Valley, MD  21031
                                             Tel:  (410) 584-2800
                                             Fax:  (410) 584-2020
                                             rcmorgan@morgancarlo.com
                                             jsjohnston@morgancarlo.com


                                             **ATTORNEYS  FOR PLAINTIFF
                                             INTERSTATE FIRE AND CASUALTY
                                             COMPANY**

121591378v1