### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| **INTERSTATE FIRE AND** | * | |
| **CASUALTY COMPANY** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: GJH-13-3908** |
| | * | |
| **DIMENSIONS ASSURANCE LTD.** | * | |
| | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

Plaintiff Interstate Fire and Casualty Company seeks to file its brief in support of its Motion for Summary Judgment, ECF No. 25, the affidavit of Margaret Otte, ECF No. 25-8, and a Settlement Agreement and Release, ECF No. 25-9, under seal. ECF No. 27. For the reasons explained below, the Motion to Seal, ECF No. 27, is DENIED without prejudice to refile in accordance with the Court's instructions.

### DISCUSSION

Under Local Rule 105.11, "[a]ny motion seeking the sealing of . . . motions, exhibits[,] or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." These are strict requirements and not simply formalities. The public's right of access to judicial documents and records is a First Amendment right as well as a common law tradition. *Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir.

2014). The First Amendment protection attaches to summary judgment motions and materials filed in connection with the motion. *Id.* at 265–276. As the First Amendment protects the right of access to summary judgment motions and their supporting documents, access may be restricted only if sealing is "necessitated by a compelling government interest" and the denial of access is "narrowly tailored to serve that interest." *Id.* at 266 (*quoting In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). Further, there must be no less restrictive measures, such as filing redacted versions of the documents, available. *Rock v. McHugh*, 819 F.Supp. 2d 456, 475 (D.Md. 2011); *In re Search of 8420 Ocean Gateway Easton, Maryland*, 353 F.Supp. 2d 577, 580 (D.Md. 2004). The interests courts have found sufficiently compelling to justify sealing documents include "a defendant's right to a fair trial before an impartial jury," "protecting the privacy rights of trial participants such as victims or witnesses," and "risks to national security." *Doe*, 749 F.3d at 269. Also, "[a] corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade secret information, which in turn may justify partial sealing of court records." *Id.* If the Court does decide to seal any documents, it must state the reasons and specific supporting findings for its decision and the reasons for rejecting alternatives to sealing. *Va . Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004).

Plaintiff states that the settlement agreement includes a strict confidentiality provision and that the memorandum references the settlement agreement and the settlement amount. *Id.* Plaintiff does not provide any reason for its request to seal Margaret Otte's affidavit. *Id.* Other courts in the Fourth Circuit have found that the presence of a confidentiality provision alone is not a sufficiently compelling reason to seal a settlement agreement. *See Martin v. Amer. Honda Motor Co., Inc.*, 940 F.Supp. 2d 277, 280 (D.S.C. 2013); *Bureau of Nat'l Affairs v. Chase,* 2012 WL 3065352 at * 3 (D.Md. July 25, 2012) ("Aside from the bare fact that defendants and FMH

agreed to the confidentiality of the settlement and the obvious interest of almost any party in keeping close the amount it is willing to pay (or receive) to settle a claim, the parties have articulated no basis to seal the settlement agreement."); *Kianpour v. Restaurant Zone, Inc.*, 2011 WL 5375082 at * 2, 2 n.2 (D. Md. Nov. 4, 2011); *White v. Bonner*, 2010 WL 4625770 at * 2 (E.D.N.C. Nov. 4, 2010). Thus, Plaintiff's motion to seal is DENIED without prejudice.

The Court notes that, although not mentioned by Plaintiff in the motion to seal, this case appears to be a dispute between two insurance companies over which company is responsible for the settlement costs incurred from a medical malpractice action between a hospital and at least one minor child. Courts have found a compelling government interest in sealing sensitive medical or other personal information, especially when relating to minors. *See Mears v. Atlantic Southeast Airlines, Inc.*, 5:12-CV-613-F, Slip Copy at *3 (E.D.N.C. Oct. 7, 2014) (collecting cases relating to minors); *Rock*, 819 F.Supp. 2d at 475–76 (discussing sealing of sensitive medical or personal identification information). To protect the privacy of the child, who is not a party to this action, the Court may find it proper to redact sensitive information. However, the mere mention of a settlement agreement or settlement amount would not be a compelling reason to seal an entire memorandum in support of a motion for summary judgment given the right of the public under the First Amendment to have access to summary judgment motions and materials filed in connection with the motions. *See Bureau*, 2012 WL 3065352 at *2 ("To be sure, sensitive medical or person identification information may be sealed, so long as the request is not overbroad. However, a wholesale request for sealing of the entire summary judgment briefing and accompanying exhibits is overbroad and would infringe too extensively on the public right to access court records.") (citations and internal quotation marks omitted).

Under Local Rule 105.11, if a motion to seal is denied, the party making the filing has an opportunity to withdraw the materials. Plaintiff should, if it wishes, withdraw its filing and file redacted versions, redacting only those portions that would reveal confidential information. In its accompanying motion seeking the Court's permission to submit a redacted memorandum, Plaintiff should provide specific representations to justify the redactions and otherwise comply with the provisions of the U.S. District Court for the District of Maryland's Civil Procedures Manual, III.A.7(e).[1]

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Seal, ECF No. 27, is DENIED without prejudice. Plaintiff will have ten days to withdraw the materials before they will be unsealed by the Court.

A separate Order shall issue.

Dated: November 13, 2014

GEORGE J. HAZEL
United States District Judge

---

[1] *See* http://www.mdd.uscourts.gov/publications/forms/Civil%20Manual%20-%206.1%20-%20FINAL.pdf